128 N.J. Super. 90 (1973)
319 A.2d 230
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ANTHONY SPANO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 5, 1973.
Decided July 24, 1973.
*91 Before Judges FRITZ, LYNCH, and TRAUTWEIN.
Mr. Ira D. Dorian argued the cause for appellant (Mr. Matthew Grayson, attorney).
Mr. Robert D. Clarke, Assistant Prosecutor, argued the cause for respondent (Mr. Karl Asch, Union County Prosecutor, attorney).
PER CURIAM.
Defendant, a municipal police officer, was convicted by a jury of neglect of duty contrary to N.J.S.A. 2A:135-1 for a failure to act officially with regard to information he allegedly had regarding certain bookmaking activities. The same jury acquitted defendant of other counts in the same indictment charging him with conspiracy with respect to the bookmaking (N.J.S.A. 2A:98-1(a)), bookmaking (N.J.S.A. 2A:112-3) and maintaining a gambling resort (N.J.S.A. 2A:112-3).
Defendant asserts here that (a) the indictment is defective, (b) the court erred in its charge to the jury, (c) the State "failed to adduce any evidence of the standard of requirement of duty of defendant as a police officer with respect to bookmaking," (d) the verdicts were inconsistent, (e) the verdict was against the weight of the evidence, and (f) the prosecutor made unfairly prejudicial remarks requiring a new trial.
*92 While we are deeply disturbed by and forcefully condemn the unjustifiable interruption by the assistant prosecutor of the opening of defense counsel with the interjection of a totally unfair comment, only the court's charge gives us serious concern. For reasons to appear, error there alone requires reversal.
The particular count of the indictment of which defendant has been convicted ought to have been more precise. But defendant now latches on to only one count  the 23rd in a multicount indictment in which defendant was charged in three other counts, one of which was in great detail  in making an argument that would exalt technical niceties at the expense of substantial justice, but which suffers from a lack of realistic persuasiveness. The purposes of an indictment are: to enable a defendant to know that against which he must defend; to prevent an accusation in derogation of our interdiction of double jeopardy; and to preclude substitution by a trial jury of an offense for which the grand jury has not indicted. State v. Williamson, 54 N.J. Super. 170 (App. Div. 1959), aff'd o.b. (but with concurring and a dissenting opinion) 31 N.J. 16 (1959). None of these purposes was in the least offended here. Having said that we note that, in any event, defendant's attack comes entirely too late, appearing for the first time on appeal. R. 3:10-2.
We find without merit the arguments relating to an alleged inconsistency in the verdicts, the weight of the evidence question, or the proof of "standard of requirement of duty" issue.
But we are satisfied the judge's charge to the jury with respect to the knowledge required of a police officer before he can be guilty of a violation of the statute here charged was erroneous, and that error requires reversal. In a word, the judge charged the jury that cause for defendant to believe reasonably that bookmaking was occurring, or an awareness in defendant that would lead "an ordinarily cautious police officer" to that conclusion, was sufficient knowledge *93 to justify a conviction. While this might be the better rule, at least with respect to a police officer, who has a fundamental duty to investigate and report to a superior, (State v. Donovan, 132 N.J.L. 319, 321 (Sup. Ct. 1945)), it is clearly not the law in New Jersey. Actual knowledge on the part of a defendant police officer is required. State v. Dunphy, 19 N.J. 531, 533 (1955); see State v. Hozer, 19 N.J. 301 (1955). We, of course, may not ignore or change, but must follow, the decision of our court of last resort. In re Education Association of Passaic, Inc., 117 N.J. Super. 255, 261 (App. Div. 1971), certif. den. 60 N.J. 198 (1972).
The objection of defense counsel to this portion of the charge was prolix and imprecise, to say the least. But we have no doubt that in this particular case where defendant was acquitted on the other counts the error had a manifest capacity to mislead the jury. We cannot say that beyond doubt there has been no untoward detriment.
Reversed and remanded for a new trial.