142 N.J. Super. 208 (1976)
361 A.2d 69
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JACK T. LAWRENCE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 18, 1976.
Decided June 7, 1976.
*210 Before Judges MATTHEWS, LORA and MORGAN.
Mr. Gaetano J. Alaimo argued the cause for appellant.
Mr. Frederick S. Cohen, Deputy Attorney General, argued the cause for respondent (Mr. William F. Hyland, Attorney General of New Jersey, attorney: Ms. Lois De Julio, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
Defendant was charged in a two-count indictment with assault and battery upon two municipal police officers, Richard Fennessy and Joseph DeMarco (Count One) and with resisting arrest (Count Two). The jury acquitted him on the first count and found him guilty of the second one. Defendant appeals.
During the evening of October 11, 1973 defendant and his wife, Patricia Lawrence, were drinking at the Ship Wheel Inn, Brielle, where they consumed approximately six drinks each. According to Eric Baranick, defendant's brother-in-law and the bartender at the Ship Wheel Inn, when defendant left the bar at approximately 2 A.M., October 12, he was not intoxicated.
*211 Officers DeMarco and Jones of the Point Pleasant Borough Police Department were patrolling Highway 88 during the early hours of October 12 when they observed a Cadillac, proceeding in a westbound direction on Highway 88, swerve across the road to the shoulder of the eastbound lane and then return to the westbound lane. The erratic movement of the Cadillac forced a van-type vehicle proceeding in the eastbound lane to leave the road to avoid a possible collision.
Officers DeMarco and Jones stopped the Cadillac which was being driven by defendant. At this point, the testimony supports two versions of the ensuing events. According to the police, DeMarco approached the driver's window and asked the defendant for his license and registration. In attempting to open his window defendant was unable to find the appropriate electric switch, and windows began to go up and down all over the car. Eventually, defendant's wife handed his license and registration to DeMarco.
DeMarco asked defendant to get out of the car. Defendant did so, but once on his feet he had to lean against the car for support. DeMarco smelled alcohol on the defendant's breath and placed him under arrest for drunken driving, informing defendant that he was required to accompany them to the police station. Defendant responded, "you will have to take me by force." At this point DeMarco grasped defendant's left arm and Officer Fennessy, who had arrived on the scene during the interim, held defendant's right arm. The two officers brought defendant to DeMarco's police car with difficulty because defendant was kicking and pushing against them with his feet. At the police car defendant was handcuffed. However, the officers were unable to get him into the car.
Meanwhile, Sergeant Kling, a personal friend of defendants, arrived on the scene and was able to induce defendant to sit in the police car. DeMarco and Jones drove defendant to the police station. Fennessy took Mrs. Lawrence, also under arrest for assaulting Fennessy, to the police station.
*212 At the police station further difficulties between the defendant and the police ensued. As defendant was being escorted toward the cell area a ring dropped from one of his fingers. When Officer Jones sought to retrieve it defendant tried to kick him, but missed. On first arriving at the cell defendant landed a kick to Officer Fennessy's thigh. At this point Fennessy stated that he placed defendant under arrest for assault and battery, and then he and DeMarco departed from the cell area after having removed the handcuffs.
A short time later DeMarco and Fennessy returned to defendant's cell for the purpose of searching him. Defendant punched Fennessy in the face and DeMarco in the left wrist, which was later found to be broken. Fennessy tackled defendant, and with the help of DeMarco managed to subdue and search him. The officers testified that they did not strike defendant during this incident.
According to defendant his car swerved into the wrong lane only because he dropped a cigarette down under his shirt. He denied being drunk. Hearing the siren behind him, he pulled to the shoulder of the road and stopped. The officer who approached the driver's side of the defendant's car stated, "Get out of the car, you goddam drunk. You almost killed somebody." As defendant opened the door, the officer pulled him violently, causing defendant to lose his balance and fall to the ground. Upon regaining his feet, the officers began to shove him from one to the other until one officer kicked him behind the knee, causing defendant to again fall to the ground. Back on his feet and handcuffed, defendant was taken to the police car where he was kneed in the stomach before falling into the car.
Upon entering the police station, defendant was brought into a room where bright lights were flashed into his eyes. Here, defendant was struck twice in the face knocking him to the floor where he was kicked twice. After refusing to take a breathalyzer test, defendant was taken to a cell where he fell onto the cot and became unconscious.
*213 After being released the following day, defendant was examined by Dr. Ruff, a dentist, and Dr. Wolfe, a general practitioner. Dr. Ruff was unable to examine defendant's teeth because his swollen mouth did not permit such an examination. X-rays taken by Dr. Wolfe revealed a fractured cheek bone. However, Dr. Wolfe did not note any bruises or swelling on defendant's body. The clothing which defendant allegedly wore at the time of the occurrence was introduced into evidence. This clothing revealed smudge marks on the pants and a possible burnt area on the shirt where the cigarette allegedly fell.
There were two "neutral" witnesses to this incident: Douglas Hale, the driver of the van-type truck which almost collided with defendant's vehicle, testified that he was able to see what transpired at the scene on Highway 88. According to his testimony, the police officers did not strike defendant nor did defendant fall to the ground at any time. Defendant, on the other hand, was yelling and swearing at the police officers and refused to get into the police car.
Thomas Mooney, an acquaintance of defendant who had followed defendant from the Ship Wheel Inn, and who arrived on the scene after defendant had been handcuffed, testified that defendant did not resist arrest. Rather, the police officers were trying to push defendant into the police car. According to Mooney, the police officers did not strike defendant.
After the jury had been out for approximately two hours, they submitted two questions to the judge: (1) "Please can you clarify assault for us," and (2) "The alleged assault in Count Two, was it allegedly committed at the scene on Route 88 or at Police Headquarters." With respect to the second question, the judge left it to the jury to determine where the physical acts, alleged as assault in count two, took place, instructing the jury that their recollection of the facts controlled.
Defendant contends that (1) his motion to dismiss or amend the indictment should have been granted; (2) defendant's *214 motion for acquittal at the end of the State's case should have been granted; (3) defendant's motion for judgment of acquittal notwithstanding the verdict should have been granted, and (4) the judge's answer to a question by the jury posed during its deliberations was improper and constituted reversible error. None of these contentions has merit.
Although the second count of the indictment was inartfully drawn in that it charged three offenses, in violation of R. 3:7-6, and that part of it appeared redundant of the first count, no prejudice to defendant resulted therefrom. The jury was instructed to regard the second count as charging only resisting arrest; instructions were given only with respect to that charge, and we must rely upon the jury's ability to follow proper instructions. State v. Manley, 54 N.J. 259, 270 (1969). Hence, any duplicitous portions of the indictment and those charging crimes of obstruction of justice and assault and battery were never given to the jury to consider in connection with the second count, and the result reached by the jury could not have been affected by these elements. State v. Siebert, 126 N.J. Super. 534 (App. Div. 1974).
Defendant's motion for acquittal at the end of the State's case was properly denied. From the testimony of Officer DeMarco it appears that defendant, after being informed on Highway 88 that he was under arrest, replied, "you will have to take me by force." Thereupon it was necessary for DeMarco and Fennessy to employ force to drag defendant to the police car, with defendant resisting by kicking and pushing backwards with his feet. The officers were unable to place defendant in the police car because he stiffened his body to prevent it. This evidence was sufficient to warrant denial of defendant's motion of acquittal. State v. Reyes, 50 N.J. 454, 458-459 (1967). A private citizen may not use force to resist arrest by one he knows or has good reason to believe is an authorized police officer engaged in the performance of his duties. State *215 v. Mulvihill, 57 N.J. 151, 155 (1970); State v. Koonce, 89 N.J. Super. 169, 184 (App. Div. 1965).
Defendant's argument that because count two describes assault and battery as the means by which defendant resisted arrest the State must prove an assault and battery in order to obtain a conviction for resisting arrest is without merit. A criminal charge need only sufficiently identify the event for which criminal accountability is sought so as to enable the accused to defend, to preclude substitution by a jury of an offense for which no indictment was returned, and to defeat a subsequent prosecution for the same offense. State v. Spano, 128 N.J. Super. 90, 92 (App. Div. 1973), aff'd 64 N.J. 566 (1974). As long as the proofs substantially support the charge, a minor variance between the proofs and the charge will be deemed immaterial. State v. Lamb, 125 N.J. Super. 209, 217 (App. Div. 1973). Considering the record as a whole, we are convinced that the defendant's ability to prepare his defense was not impaired and he was not tried for an offense substantially different from the one recited in the indictment.
Defendant relies upon his being acquitted of assault and battery upon DeMarco in contending that his motion for acquittal notwithstanding the verdict should have been granted. His argument is without substance. An assault and battery of an arresting officer is not a necessary component of the common law offense of resisting arrest (incorporated into the criminal law of the State by N.J.S.A. 2A:85-1). People v. Williams, 25 N.Y.2d, 86, 302 N.Y.S.2d 780, 250 N.E.2d 201 (Ct. App. 1969); State v. Voelkel, 2 Conn. Cir. 459, 202 A.2d 250 (Cir. Ct. 1964). In the present case the jury was free to conclude, as they subsequently did, that defendant did not commit an assault and battery upon DeMarco, and yet find that he resisted being arrested by him. The acquittal on the assault and battery charge is not, therefore, inconsistent with the conviction of resisting arrest. Even assuming inconsistency, *216 however, defendant's conviction on the second count would nonetheless be valid. State v. Still, 112 N.J. Super. 368, 373 (App. Div. 1970), certif. den. 57 N.J. 600 (1971).
Finally, defendant asserts that the court's response to the jury question posed during its deliberations permitted the jury to speculate on an offense other than the one charged in the indictment and, further, implied that, in fact, an assault and battery did take place. The jury's question was the following:
The alleged assault in Count II, was allegedly committed at the scene on Route 88 or at Police Headquarters?
In response to this question, the trial judge instructed the jurors to rely upon their recollection of the testimony, and based thereon, "to make the determination as to where the alleged assault in Count II occurred."
The evidence was such that the jury could have reasonably concluded that defendant committed an assault and battery at both the scene of the initial arrest and again later on at the police station, and that he was resisting arrest at both locations. The court's answer, leaving it to the jury to determine where, if at all, the assault (constituting resistance to arrest) occurred was the only proper response.
Affirmed.