162 N.J. Super. 159 (1978)
392 A.2d 607
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
HOWARD A. WEIN AND PHILLIP A. GUARINO, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued September 11, 1978.
Decided September 19, 1978.
*161 Before Judges CONFORD, PRESSLER and KING.
*162 Mr. Robert E. Levy argued the cause for appellants.
Ms. M. Geraldine O'Halloran, Special Deputy Attorney General, argued the cause for respondent (Mr. John J. Degnan, Attorney General of New Jersey, attorney; Mr. Donald S. Coburn, Acting Essex County Prosecutor, of counsel).
The opinion of the court was delivered by CONFORD, P.J.A.D.
This is an appeal from a conviction of the defendants on two counts of an indictment containing three counts. Of the two counts, one was for conspiracy to sell and deliver obscene motion picture films at an "adult book store" conducted by them and the other for selling and distributing a specific 8mm motion picture film A trial jury acquitted the defendants on a third count, charging the selling of another allegedly obscene 8mm film. Each of the defendants was sentenced to three months on each count, to be served concurrently, with suspension of the sentences. They were each also fined $1,000 on each count.
Defendants' trial and convictions were preceded by a motion to dismiss the indictment on a number of grounds, all of which were denied. Our discussion of the grounds of appeal argued will include those advanced on the motion to dismiss.
We conclude that all the grounds of appeal, save one, are without merit. For reasons to be stated, we find that there is substance in defendants' contention that the count of the indictment for the substantive offense of sale of a film is defective for failure to charge scienter, and that for that reason the motion to dismiss the indictment as to that count should have been granted. We find the count of the indictment and the resulting conviction relating to the alleged conspiracy to be unexceptionable in all respects.
Defendants' first point is that N.J.S.A. 2A:115-1.1, as most recently amended by L. 1971, c. 449 (effective February 16, 1972), is unconstitutional. The argument seeks to deprecate the decision in State v. DeSantis, 65 *163 N.J. 462 (1974), to the effect that the cited statute should be read as containing the criteria for unprotected obscenity enunciated by the United States Supreme Court in Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). The criticism is based upon the assertion that the DeSantis determination was improperly made by the Supreme Court because the 1971 statute was not the one under which the defendant in DeSantis was convicted. We reject the argument.
A considered determination by our Supreme Court, even though dictum, commands respect by this intermediate appellate court. Other parts of this court have already ruled adversely to defendants as to this very contention, and we follow them as a matter of stare decisis. State v. DePiano, 150 N.J. Super. 309, 313-315 (1977); State v. Napriavnik, 147 N.J. Super. 36, 40 (1977).
Defendants' third point is that the statute violates Article I, paragraph 6 of the New Jersey Constitution  the free speech and free press provision thereof. We conclude that it is implicit in DeSantis that the validation of the statute under the Federal Constitution adjudicated in that case applies also to the objections based upon the corresponding State Constitution provision.
Defendants' fifth point is that the decision in DeSantis, if applied indefinitely thereafter without an intervening confirmatory amendment of the statute, violates the doctrine of separation of powers. It is contended that the intent of DeSantis was only to provide a "stop-gap" remedy pending amendatory legislation. We do not accept the argument. The intent of the Supreme Court in DeSantis was that its construction of the obscenity act should apply until there was different or contrary legislation, but without limitation as to the time within which such legislation might be adopted. We may fairly interpret the legislative inactivity in that regard since DeSantis as indicating satisfaction with the Supreme Court's decision therein, consistent with other available evidence of the legislative intent for the broadest prohibition *164 of dissemination of obscene materials consistent with the views of the United States Supreme Court as to the limits of protected expression. See DeSantis, 65 N.J. at 466. Moreover, defendants' contention in this regard was rejected in State v. DePiano, supra.
Point Six of defendants' brief alleges that both counts of the indictment are defective because neither charges scienter  i.e., knowledge by the defendants that the film sold was obscene. The law is well settled that a defendant cannot be held on a charge of selling obscene materials unless he is cognizant of the nature and character of the materials sold. If he has that knowledge, he would not also be required to know that the materials are as a matter of law obscene. Hamling v. United States, 418 U.S. 87, 123, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); State v. Hudson County News Co., 41 N.J. 247, 257-259 (1963). See also State v. DePiano, supra, 150 N.J. Super. at 317.
Insofar as the conspiracy count is concerned, we are satisfied that the indictment meets the test. It charges that the defendants conspired "willfully with intent to agree and achieve the objects of the conspiracy, to wit: to utter, sell, distribute and deliver obscene films to various persons * * *." This language sufficiently communicates to defendant a charge of intentional conspiracy to effect the sale of obscene materials, and by plainest implication it connotes that the defendants knew of the nature and character of the material conspired to be sold. The principal purposes of the requirement of specificity in an indictment are that the defendant be apprised thereby of what he is called upon to meet so as to be able to defend and that there be assurance that the accused is not indicted for one offense and tried and convicted for another. See State v. Williamson, 54 N.J. Super. 170, 185-186 (App. Div. 1959), aff'd 31 N.J. 16 (1959). We are satisfied that these safeguards are met by the charging language in the conspiracy count of the indictment in the light of the nature of the case.
*165 As to the substantive count, however, we find the indictment deficient and that the motion to dismiss should have been granted to that extent. This simply alleged that the defendants "did unlawfully utter, sell, distribute and deliver to James J. Casey and William K. McTague a certain obscene and indecent 8 mm motion picture film * * * contrary to the provisions of N.J.S. 2A:115-2 * * *." Unless the inclusion of the word "unlawfully" satisfies the requirement of charging scienter, the said count obviously fails to do so. The State cites no authority to support the view that where specific intent or knowledge is required to charge and establish guilt of a particular crime a mere allegation in the indictment that the act was done unlawfully is sufficient. On principle, we deem the mere characterization in the indictment of the charged conduct as "unlawful" as not fairly communicative to the defendant that he is charged with knowledge of the nature and character of the film alleged to have been sold. Therefore the substantive count of the indictment is fatally defective and the conviction entered thereon will be set aside.
Defendants' seventh point charges that the State did not prove scienter at the trial and that the motion for dismissal at the end of the State's case should have been granted. For the reasons stated in the discussion next hereinabove, we need consider this contention only with respect to the conspiracy count. We conclude that the proofs were circumstantially sufficient to warrant a finding by the jury, implicit in their verdict in the light of the instructions given them, that defendants knew the nature and character of the films in question. Defendants maintained a catalog in which representative scenes from the films kept in stock by the defendants were portrayed, so that a customer could select a film on the basis of those pictorial representations. The catalog was prepared by the defendants, who were responsible for ordering, stocking and pricing all the materials in the store. Furthermore, defendants were the owners and operators of the store and the employers of the individual *166 salesman who made the actual sale of the films. We consequently have no difficulty in concluding that there was adequate proof of scienter insofar as the conspiracy count is concerned.
Point Eight of the defendants' brief charges that the failure of the record to indicate that instructions were given to the grand jury which returned this indictment concerning the Miller criteria of obscenity deprived the defendants of due process. This contention was rejected in State v. Napriavnik, supra, and our independent determination is that the point lacks merit. The films in question were shown to the grand jury, and, in the absence of any affirmative demonstration by the defendants to the contrary, we may assume that the grand jury was afforded such knowledge of the law as they required in order to determine, in the light of all the other evidence, whether there was probable cause to regard the material sold as obscene and the defendants guilty of conspiracy.
To the extent that it is defendants' argument that the grand jury proceedings are defective because there is no recordation of the instructions as to the law given to the members of the grand jury, the argument lacks merit. The only requirement of the rules is that there should be a stenographic or sound record of all testimony presented to the grand jury. R. 3:6-6(a), (b). Defendant is allowed discovery of such testimony. R. 3:13-3(a)(3). Cf. State v. Hart, 139 N.J. Super. 565 (App. Div. 1976); State v. Fisher, 112 N.J. Super. 319 (Law Div. 1970). Defendants are under the affirmative burden of demonstrating that fatal insufficiency in an indictment or the proceedings attendant thereupon warrant dismissal of the indictment. See State v. Weleck, 10 N.J. 355, 364 (1952). That burden has not here been met.
Defendants' Point Nine complain of a trial ruling denying admission on behalf of defendants of films allegedly comparable with those here involved adjudicated in other prosecutions not to be obscene. Defendants' contention is *167 that this material is relevant as reflecting upon community standards. We regard this issue as controlled by the proper exercise of the trial court's discretion under Evid. R. 4. It is perfectly obvious that the introduction before the jury of films involved in other cases could well necessitate undue consumption of time or create substantial danger of undue prejudice or of confusing the issues or of misleading the jury. Cf. State v. Garfole, 76 N.J. 445 (1978). Admission of such evidence on behalf of defendants could well be followed by submission by the State of other allegedly comparable films which resulted in convictions. The result could be that the jury would be thoroughly diverted from the issue of the obscenity of the films directly involved. See Hamling v. United States, supra, 418 U.S. at 105-106, 94 S.Ct. 2887, 41 L.Ed.2d 590; State v. Von Cleef, 102 N.J. Super. 102 (App. Div. 1968), certif. den. 52 N.J. 499 (1968), rev'd on other grounds, 395 U.S. 814, 89 S.Ct. 2051, 23 L.Ed.2d 728 (1969); State v. Shapiro, 122 N.J. Super. 409, 420 (Law Div. 1973).
In Point Ten of their brief defendants continue to contend that proof of national standards concerning prurient interest must be submitted by the State and violation thereof by the materials in question established. The argument is that although the United States Supreme Court in Miller left it to the individual states to determine whether prurient interest might be based upon local state rather than national community standards, no New Jersey court, particularly the Supreme Court in DeSantis, supra, has opted for the local community standard and that the law in New Jersey on the point was therefore still subject to the holding in State v. Hudson County News Co., supra, that the standards in question must be uniform throughout the nation (41 N.J. at 264-265). We concur in the rejection of that argument by the court in State v. Napriavnik, supra, 147 N.J. Super. at 41-44. In essence the national standards criterion was rejected in Miller as nonfunctional, and that rejection, by clearest implication, was approved by our Supreme Court in *168 DeSantis. If any doubt remains on the point, we hereby expressly approve and adopt the local state as opposed to the national community standard as the appropriate criterion for determining the application of the first prong of the Miller test, i.e., "(a) whether `the average person, applying contemporary community standards', would find that the work, taken as a whole, appeals to the prurient interest" (413 U.S. at 24, 93 S.Ct. at 2615). See also, State v. DePiano, supra, 150 N.J. Super. at 319.
A second phase of defendants' Point Ten is that it was requisite that expert testimony be adduced by the State as to each of the three prongs of the Miller test. In addition to the first prong, just alluded to, the second is whether the work depicts or describes, in a particularly offensive way, sexual conduct specifically defined by the applicable state law, and the third is whether the work taken as a whole lacks serious literary, artistic, political or scientific value. (413 U.S. at 24, 93 S.Ct. 2607). This contention as to the necessity for expert testimony was laid to rest by the United States Supreme Court in Paris Adult Theater I v. Slaton, 413 U.S. 49, 56, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973). The court there held that it was not error to fail to require expert affirmative evidence that materials were obscene when the materials themselves were actually placed in evidence. The films involved in the present case were placed in evidence and exhibited to the jury.
Notwithstanding the holding in Paris Adult Theater I in this regard, having particular regard to the solicitude of the courts for First Amendment rights, we can conceive the possible legitimacy of an argument, in relation to material having some pretense of claim to serious literary, artistic, political or scientific value, that expert proof should be required to negate such value in order to establish the guilt of a defendant beyond a reasonable doubt. However, such considerations are in no way germane to the films here in question. Defendants have not contended either in brief or oral argument that the films have serious value in *169 any of the specified respects. We have viewed the films. They constitute a succession of scenes of varied sexual activity between a man and a woman, normal and unconventional, with no story line or theme, and punctuated frequently by close-ups of genitalia during the activity depicted. We have no hesitancy in concluding that a jury would need no expert assistance in finding that the films lack any, much less serious, value from a literary, artistic, political or scientific viewpoint. The same applies as to the other two prongs of the Miller-DeSantis criterion.
Defendants' Point Twelve is that they were improperly denied the opportunity of voir dire examination of the jury with respect to the jury's familiarity with "contemporary community standards" and "prurient interest." Our examination of the record shows that there was quite adequate voir dire examination of the jurors with respect to bias. There was no need to examine the jurors concerning their concepts of prurient interest or of contemporary community standards as the members of the jury could be presumed to have adequate knowledge of the meaning of those concepts so as to be able intelligently to apply the judge's charge on the law to the evidence in the case. The subject in question was completely within the exercise of sound discretion by the trial judge. State v. Manley, 54 N.J. 259, 282-283 (1969); State v. Kelly, 118 N.J. Super. 38, 51 (App. Div. 1972), certif. den. 60 N.J. 350 (1972). We find no mistaken exercise of discretion by the trial judge in this regard.
In their fifteenth point defendants assign certain alleged errors in the instructions to the jury concerning the criteria of obscenity as enunciated in Miller and approved for New Jersey in DeSantis. We note that there were no exceptions to the charge in these respects by the defendants at the trial. We are therefore remitted to the question as to whether the assignments of error constitute plain error. We conclude they do not. The portions of the charge complained of by defendants are taken entirely out of context *170 and ignore the purport and content of the charge taken as a whole. We have examined the charge in entirety, and although the language in some respects is not as felicitous as might have been desirable, we are clearly of the opinion that the essence of the criteria of the Miller and DeSantis cases was adequately communicated to the jury. The complaints of the defendants in this regard are particularly lacking in substance when considered against the background of the nature of the material in question as revealed by our examination of it.
The contentions under those numbered points of the defendants' brief not alluded to above are, in substance, either paraphrases or basically repetitive of the subject matters of the numbered points which we have specifically addressed. They are without merit.
The judgment is modified to vacate the conviction on the count designated "Third Count" in the indictment (the substantive offense) and to affirm the conviction on the first count (conspiracy).