STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. HOWARD A. WEIN AND PHILIP A. GUARINO, DEFEND-ANTS-RESPONDENTS.

Argued March 20, 1979—Decided July 19, 1979.

492

494

*Ms. M. Geraldine O'Halloran,* Assistant Essex County Prosecutor, argued the cause for appellant (*Mr. John J. Degnan,* Attorney General of New Jersey, attorney; *Mr. Donald S. Coburn,* Essex County Prosecutor, of counsel).

*Mr. Howard A. Wein* and *Mr. Philip A. Guarino* appeared *pro se.*

The opinion of the court was delivered by

HANDLER, J. The Court is called upon in this appeal to determine the sufficiency of an indictment charging the defendants Howard Wein and Philip Guarino, with the substantive crime of selling and distributing obscene motion picture films contrary to *N. J. S. A.* 2A:115–2 and with conspiracy to commit these criminal violations. The narrow issue presented is whether the count of the indictment charging defendants with the substantive crime under the obscenity statute is fatally defective for its failure to recite as an essential element of the offense *scienter* or knowledge of the nature of the materials.

It is not disputed that defendants have, for several years, operated an "adult book store" in Irvington. On March 4, 1976, they were indicted by an Essex County Grand Jury in a three-count indictment for criminal conduct arising out of the operation of their store. The first count of the indictment charged defendants with conspiracy in violation of *N. J. S. A.* 2A:98–1. It stated that between January 1 and September 30 of 1975 defendants:

* * * did commit the crime of conspiracy in that they did * * * corruptly and unlawfully conspire among themselves willfully with intent to agree and achieve the objects of the conspiracy, to wit: to utter, sell, distribute and deliver obscene films to various persons at the Best

Adult Book Store, at Springfield Avenue and Forty-third Street, Irvington, in violation of *N. J. S.* 2A:115-2.

Additionally, it set forth three overt acts committed in furtherance of the conspiracy. The second and third counts of the indictment charged the defendants with substantive offenses under the obscenity statute, *N. J. S. A.* 2A:115-2. The third count in particular charged that defendants "did unlawfully utter, sell, distribute and deliver" to two named individuals, both police officers, an obscene film entitled "The Golden Stream, Part Two" on or about September 24, 1975. This offense was identical in every detail to the criminal event narrated in the first count as the third overt act in furtherance of the criminal conspiracy.

Before trial, defendants moved to quash the indictment on numerous grounds, including its failure in the second and third counts to allege *scienter.* This motion was denied. The case proceeded to trial and both defendants were convicted by a jury on the first and third counts of the indictment. The defense moved for a judgment notwithstanding the verdict and for a new trial, based in part upon the deficiency of the indictment in its failure to specify criminal knowledge as an element essential to the commission of the substantive crime. These motions were also denied.

On appeal, the Appellate Division affirmed the conspiracy conviction but reversed the conviction for the actual sale of the obscene film. *State v. Wein,* 162 *N. J. Super.* 159 (1978). In reaching this result the court rejected as without merit all of the grounds, except one, urged by defendants for a reversal of their conviction for sale and distribution. The singular argument accepted by the appeals court was the failure of the indictment to charge that defendants acted with knowledge of the nature and character of the film alleged to have been sold. *Id.* at 165. We granted the State's petition for certification on this issue. 79 *N. J.* 464 (1978). We now reverse.

 The standards for determining the sufficiency of an indictment are well-settled. The fundamental inquiry is whether the indictment substantially misleads or misinforms the accused as to the crime charged. The key is intelligibility. The indictment must ·charge the defendant with the commission of a crime in reasonably understandable language setting forth all of the critical facts and each of the essential elements which constitute the offense alleged. *E. g., State v. Boratto,* 80 *N. J.* 506 (1979) ; *State v. Silverstein,* 41 *N. J.* 203 (1963) ; *State v. La Fera,* 35 *N. J.* 75 (1961) ; *State v. Low,* 18 *N. J.* 179 (1955) ; *State v. Malone,* 13 *N. J. Super.* 510 (Law Div.), aff'd 16 *N. J. Super.* 383 (App. Div. 1951). Courts properly insist upon this level of communication in a criminal indictment. Clarity of expression in a formal charge of crime is an indispensable safeguard for the criminally accused. The objectives to be served by an indictment mandate the content. An indictment must adequately identify and explain the criminal offense to enable the accused to prepare a defense. *State v. Boratto, supra; State v. La Fera; supra; State v. Borrell,* 18 *N. J.* 16 (1955) ; *State v. Lefante,* 12 *N. J.* 505, 509–511 (1953). In addition, the language of the charge must be sufficiently detailed to avoid the risk of double jeopardy, successive prosecutions for the same transgression. And, it must be definite and precise enough to preclude the possibility of a substitution by the petit jury in the criminal trial of an offense different from the crime which the grand jury in fact considered and charged, *State v. Boratto, supra; State v. La Fera, supra; State v. Spano,* 128 *N. J. Super.* 90 (App. Div. 1973), aff'd 64 *N. J.* 566 (1974). See also *State v. DiPaolo,* 34 *N. J.* 279, 285, *cert.* den. 368 *U. S.* 880, 82 *S. Ct.* 130, 7 *L. Ed.* 2d 80 (1961) ; *State v. Williamson,* 54 *N. J. Super.* 170, 185–186 (App. Div.), aff'd 31 *N. J.* 16 (1959).

 These criteria, as applied in this case, would require that the indictment inform defendants that the crimes with which they were charged, namely, conspiracy to violate and

actual violations of the obscenity statute, were perpetrated with criminal knowledge. The statute, *N. J. S. A.* 2A :115–2, provides simply that a person shall not utter, sell, or distribute obscene or indecent material "without just cause". It does not by its literal terms specify as an essential element a defendant's knowledge of the nature of the stuff purveyed. Nevertheless, the statute has been construed as containing such a requirement of *scienter. E. g., State v. Hudson County News Co.,* 41 *N. J.* 247 (1963) ; *State v. Hudson County News Co.,* 35 *N. J.* 284 (1961) ; *State v. DePiano,* 150 *N. J. Super.* 309 (App. Div. 1977). Criminal knowledge, however, need not be shown by proof of actual knowledge; circumstances putting an accused on notice or warranting his investigation of the material which he later distributed may be sufficient to impute criminal responsibility. *State v. Hudson County News Co., supra,* 41 *N. J.* 247; *State v. DePiano, supra.* The court below in this appeal quite correctly noted that "* * * a defendant cannot be held on a charge of selling obscene materials unless he is cognizant of the nature and character of the materials sold. If he has that knowledge, he would not also be required to know that the materials are as a matter of law obscene. *Hamling v. United States,* 418 *U. S.* 87, 123, 94 *S. Ct.* 2887, 41 *L. Ed.* 2d 590 (1974) (other citations omitted)." 162 *N. J. Super.* at 164.

■ With respect to the conspiracy count, the Appellate Division held that the indictment adequately set forth the element of *scienter* in asserting a willful intent among the conspirators to sell the obscene films. We agree. The descriptive word "willfully" imports the notion of conduct which is purposeful and knowledgeable. See, *e. g., State v. Winne,* 12 *N. J.* 152, 175 (1953) ; *State v. Williamson, supra. Cf. State v. D'Auria,* 4 *N. J. Super.* 319 (App. Div. 1949) ; *State v. John P. Callaghan Co.,* 70 *N. J. Super.* 585, 600 (Law Div. 1961). As stated by the Appellate Division that language of the indictment "sufficiently communicates to defendants a charge of intentional conspiracy to effect the sale

of obscene materials, and by plainest implication it connotes that the defendants knew of the nature and character of the material conspired to be sold." 162 *N. J. Super.* at 164.

The court below reached a different result with respect to the substantive count. This third count stated that defendants:

on or about the 24th day of September, 1975 at the Town of Irvington in the County of Essex * '* * did unlawfully utter, sell, distribute and deliver to James J. Casey and William K. McTague a certain obscene and indecent 8 millimeter motion picture film entitled "The Golden Stream, Part two", contrary to the provisions of *N. J. S.* 2A:115-2 * * *.

The Appellate Division ruled that this charge was flawed because the language employed did not convey to defendants a meaning that their asserted criminal conduct was knowledgeable. It regarded the "mere characterization in the indictment of the charged conduct as 'unlawful' as not fairly communicative to the defendant that he is charged with knowledge of the nature and character of the film alleged to have been sold." 162 *N. J. Super.* at 165.

This reading of the indictment was much too literal. The court was wrong to view the third count as a "mere allegation" or "mere characterization" that the charged conduct was simply "unlawful". In doing so it apparently segregated this count from the other charges of the indictment. If the several counts of the indictment were read together with an appreciation of their common relationship in the same criminal subject matter, there could be no misunderstanding as to the sufficiency of each of the counts to communicate knowledge as an essential element of the crimes charged. The conspiracy count, to repeat the words of the Appellate Division, "by plainest implication * * * connotes that the defendants knew of the nature and character of the material conspired to be sold." 162 *N. J. Super.* at 164. That count also recited three specific overt acts allegedly committed by defendants in furtherance of the conspiracy. It

cannot be overemphasized in the context of the issue in this appeal — the proper reading of a criminal indictment — that the commission of an overt act is an essential element of the crime of conspiracy and an integral part of the indictment. *E. g., State v. Moretti, et al.,* 52 *N. J.* 182, cert. den. 393 *U. S.* 952, 89 *S. Ct.* 376, 21 *L. Ed.* 2d 363 (1968); *State v. Cormier,* 46 *N. J.* 494 (1966); *State v. Newell,* 152 *N. J. Super.* 460 (App. Div. 1977); *State v. Malaspina,* 120 *N. J. Super.* 26 (App. Div.), certif. den. 62 *N. J.* 75 (1972). The third overt act alleged in the conspiracy count is a verbatim recitation of the third count of the indictment. The criminal act involving the sale of an obscene film, the specific date, the names of the persons involved and even the title of the offending movie are the same. Since this overt act, as found by the Appellate Division, properly charges knowledge on the part of defendants in its commission, the identical language in the third count cannot be understood intelligently to dispense with knowledge in committing the same criminal act as a substantive offense.

To read in a single indictment covering the same criminal subject one count a particular way and another count with identical phraseology a different way is to turn language inside out. Punctilious strictness which produces such a tortured result defeats the purposes of criminal pleadings in the administration of the criminal laws without truly advancing the important rights of criminal defendants. It is uncalled for here. Defendants were in no way prejudiced in their ability to prepare a defense. The various counts of the indictment considered as a whole, read in proper contextual association with one another, fully apprised defendants that knowledge of the character and nature of the material actually sold was a requisite element of the crime of distribution as well as conspiracy. See *State v. Engels,* 32 *N. J. Super.* 1 (App. Div. 1954). Whatever factual defenses were available to the defendants to deflect the imputation of knowledge in connection with resisting the conspiracy accusation would be available in defending against the substantive

charge.[1] Thus, the indictment in all its counts was adequate to enable defendants to prepare a responsive defense. *State v. Boratto, supra.* In addition, to suggest that this indictment has exposed defendants to double jeopardy or put them to trial for criminal acts not within the contemplation of the grand jury would be an exercise in preciosity. *Id.*

 An indictment should not be dismissed unless it is manifestly deficient or palpably defective. See, *e. g., State v. Weleck,* 10 *N. J.* 355, 364 (1952). An indictment ought not to be invalidated unless its defects actually trench upon the constitutional rights which a proper criminal charge is designed to protect. A person criminally accused is entitled to be informed of the crime he is called upon to meet, to be charged with crime only by a grand jury and to be spared the risk of being placed twice in jeopardy for the same offense. See *State v. Boratto, supra; State v. La Fera, supra; State v. Winne, supra.* The defendants here were adequately and fully charged by this indictment with the substantive crime of uttering, selling and distributing obscene material in a manner fully consistent with these constitutional rights.

Accordingly, the decision of the Appellate Division is reversed and the conviction upon the third count of the indictment is reinstated.

Reversed.

PASHMAN, J., concurring. I concur in the result which the majority has reached and generally endorse its reasoning. I write separately merely to emphasize what I consider to be the principal consideration which compels that result.

---

[1] In assessing the sufficiency of the proofs of *scienter* with respect to the conspiracy count as part of defendants' contention that there should have been a dismissal on defendants' motion at the end of the State's case (an issue not before us in this appeal), the Appellate Division concluded that the jury by implication from its guilty verdict was warranted in finding that "defendants knew the nature and character of the films in question." 162 *N. J. Super.* at 165.

Today's decision should not be read as holding that this Court will always employ a "totality of the facts and circumstances" approach when judging the sufficiency of any particular count in a multi-count indictment. As the majority emphasizes, in this case the challenged substantive count charged the same illegal act which formed the basis of the concededly valid conspiracy count. As such, defendants were not prejudiced by the failure to particularize the scienter element of the substantive count. Nor can it seriously be urged that the grand jury did not pass upon the issue of scienter when handing down the indictment.

This peculiar circumstance, however, will not be present in every, or even most, multi-count indictments. Given the minimal effort required to list every element of an offense in each count of a multi-count indictment, prosecutors would be well-advised to provide such detail in future indictments. In this way, no doubt will exist either as to a defendant's notice of the charged offenses or whether the grand jury found probable cause as to each such offense.

It should also be emphasized that the only issue before us in this appeal concerns the sufficiency of the substantive count of the indictment. We denied defendants' petitions for certification challenging those portions of the Appellate Division's judgment which upheld their convictions on constitutional grounds. Thus, this Court has expressed no opinion as to the validity of those convictions under the First Amendment or Article I, para. 6 of our own State Constitution. Nor have we approved the Appellate Division's conclusion that the "free speech" guarantees of Article I, para. 6 are not more expansive than those contained in the federal constitution. Finally, we have not passed upon the Appellate Division's ruling that the judicial definition of obscenity supplied by this Court in *State v. DeSantis,* 65 *N. J.* 462 (1974) in order to save *N. J. S. A.* 2A:115-1.1 *et seq.* from successful constitutional attack was meant to remain in effect indefinitely, rather than being intended only to apply for

a reasonable period of time during which the Legislature itself would amend the obscenity statutes.

To the extent that the majority's opinion is consistent with the foregoing, I concur.

PASHMAN, J., concurring in the result.

*For reversal and reinstatement*—Chief Justice HUGHES and Justices MOUNTAIN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER—6.

*For affirmance*—None.