279 N.J. Super. 131 (1995)
652 A.2d 241
STATE OF NEW JERSEY, PLAINTIFF/RESPONDENT,
v.
DARRELL SMITH, DEFENDANT/APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 7, 1994.
Decided February 7, 1995.
*134 Before Judges SHEBELL, SKILLMAN and WALLACE.
Susan L. Reisner, Public Defender, attorney for appellant (Donald T. Thelander, Assistant Deputy Public Defender, of counsel and on the brief).
Deborah T. Poritz, Attorney General of the State of New Jersey, attorney for respondent (Janet Flanagan, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by WALLACE, J.A.D.
Tried by a jury defendant Darrell Smith was convicted of first degree kidnapping, N.J.S.A. 2C:13-1b (count two); second degree aggravated assault, N.J.S.A. 2C:12-1b(1) (count four); second degree attempted aggravated sexual assault, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:14-2a(3), as a lesser included offense of aggravated sexual assault, N.J.S.A. 2C:14-2a(3) (count five); second degree attempted sexual assault, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:14-2c, as a lesser included offense of sexual assault, N.J.S.A. 2C:14-2c (count six); fourth degree endangering the welfare of a child, N.J.S.A. 2C:24-4 (count seven); fourth degree unlawful possession of weapons, N.J.S.A. 2C:39-5d (count eight); and third degree possession of weapons for an unlawful purpose, N.J.S.A. 2C:39-4d (count nine). The jury found defendant not guilty of first degree attempted murder, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:11-3 (count one), and first degree armed robbery, N.J.S.A. 2C:15-1 (count three). Pursuant to N.J.S.A. 2C:13-1c(2), the trial court merged counts five, six and seven into count two and imposed a life term with a twenty-five year period of parole ineligibility. The court merged counts eight and nine into count four and imposed a concurrent seven-year term on count four and assessed a Violent Crimes Compensation Board penalty of $60.
On this appeal, defendant contends:
POINT I:
THE DEFENDANTS CONVICTION AND SENTENCE FOR KIDNAPPING WHICH SUBJECTED HIM TO A SENTENCE OF LIFE IMPRISONMENT *135 WITH A MANDATORY 25 YEARS OF PAROLE INELIGIBILITY IS UNCONSTITUTIONAL AND ILLEGAL AS THE TRIAL COURT NEVER INSTRUCTED THE JURY ON AN ESSENTIAL ELEMENT OF THAT OFFENSE, THAT IS, THAT IN ORDER TO CONVICT THE DEFENDANT, THEY HAD TO FIND BEYOND A REASONABLE DOUBT THAT THE DEFENDANT COMMITTED A SEXUAL ASSAULT ON THE VICTIM WHO WAS UNDER THE AGE OF 16 DURING THE COURSE OF THE KIDNAPPING.
POINT II:
DEFENDANT'S CONVICTION AND SENTENCE FOR A VIOLATION OF N.J.S.A. 2C:13-1c(2) MUST BE VACATED AS THE STATE FAILED TO PROVE THAT THE DEFENDANT COMMITTED A CRIME UNDER N.J.S.A. 2C:14-2, N.J.S.A. 2C:14-3 OR N.J.S.A. 2C:24-4.
POINT III:
THE DEFENDANTS CONVICTION AND SENTENCE FOR A VIOLATION OF N.J.S.A. 2C:13-1c(2) MUST BE VACATED AS THE DEFENDANT WAS NEVER CHARGED IN THE INDICTMENT WITH HAVING COMMITTED THIS OFFENSE. (Partially Raised Below).
POINT IV:
THE TRIAL COURTS INSTRUCTIONS TO THE JURY ON FIRST DEGREE KIDNAPPING AND SECOND DEGREE SEXUAL ASSAULT WERE IMPROPER IN THAT THE TRIAL COURT INSTRUCTED THE JURY THAT IT COULD CONVICT THE DEFENDANT ON ALTERNATIVE FACTUAL AND LEGAL THEORIES OF LIABILITY, NOT CHARGED IN THE INDICTMENT. SUCH INSTRUCTIONS WERE IMPROPER AND DEPRIVED THE DEFENDANT OF HIS RIGHT TO A FAIR TRIAL AND DUE PROCESS OF LAW. U.S. CONST. AMENDS. VI, XIV; N.J. CONST. (1947), ART. I, PARS. 1, 9, 10.
A. INTRODUCTION
B. THE COURTS CHARGE ON FIRST DEGREE KIDNAPPING WAS IMPROPER AS IT INCLUDED ADDITIONAL FACTUAL AND LEGAL ELEMENTS NOT CHARGED IN COUNT TWO OF THE INDICTMENT.
C. THE TRIAL COURT'S INSTRUCTION TO THE JURY ON THE ELEMENTS OF SEXUAL ASSAULT AS CHARGED IN COUNT SIX WERE IMPROPER IN THAT THEY EXCEEDED THE SCOPE OF THE CHARGES PRESENTED BY THE GRAND JURY IN COUNT SIX.
D. THE CHARGE ON BOTH KIDNAPPING AND SEXUAL ASSAULT WERE SO PREJUDICIAL AS TO EFFECTIVELY DENY THE DEFENDANT HIS RIGHT TO DUE PROCESS OF LAW AND A FAIR TRIAL.
POINT V:
THE TRIAL COURT ERRED IN DENYING DEFENSE COUNSEL'S MOTION REQUESTING A COURT APPOINTED PSYCHOLOGICAL EXAMINATION OF THE VICTIM.
We agree with defendant's contention that the trial court should have submitted to the jury the question of whether defendant *136 committed a sexual assault upon a victim under the age of sixteen during the course of a kidnapping in order to impose the enhanced sentencing provisions of N.J.S.A. 2C:13-1c(2). Further, we agree that defendant's attempt convictions do not come within the conditions for imposition of an enhanced sentence under the statute. However, our conclusions do not affect defendant's convictions but only his sentencing. The prior mergers of defendant's convictions at sentencing are set aside. The case is remanded for resentencing. We reject defendant's remaining contentions.

I
In June 1989, A.E., a mildly retarded fourteen year old, was robbed. After the robbery he went to Penn Station to look for his friends because his mother was not home. There, a man, later identified as defendant, asked him what was wrong. A.E. told defendant that he had been robbed. Defendant helped A.E. look for the perpetrators, but they were unsuccessful.
After getting something to eat, A.E. and defendant went to A.E.'s home where defendant met A.E.'s mother. Defendant told A.E. that he wanted to be his "older brother" and would protect him. A few days later A.E. saw defendant again. Defendant asked A.E. to go to Irvington with him to locate a friend who owed him money. A.E. hesitated but finally agreed to accompany defendant to Irvington. Defendant took A.E. to an abandoned house in Irvington. A.E. sensed danger and tried to run away, but defendant stopped him and told him that nothing was going to happen.
Once they entered the abandoned house, defendant grabbed A.E. by the neck, told him to lie down, and threatened to kill A.E. if he screamed. Defendant ordered A.E. to remove his pants, but A.E. refused. Defendant choked A.E. until he pulled his pants down. Defendant then started having "sex" with A.E. After the initial attack, A.E. tried to escape, but defendant grabbed and choked A.E. and threw him on the floor.
*137 The ordeal continued into the next day. Defendant again sexually assaulted A.E. as he had the previous day. After this attack, they went to the third floor where defendant had A.E. stand on a bucket. Defendant wrapped electric wire around A.E.'s neck, hung it over a pipe, and choked him. Defendant eventually let A.E. down. He grabbed A.E. and dragged him to the basement where he used a piece of glass to lacerate A.E.'s scrotum. Defendant also hit A.E. in the mouth with a shovel and broke one of his teeth. He then took A.E.'s watch, social security card, and his identification card.
Defendant tied A.E.'s hands to a pipe in the basement and went upstairs to sleep. The next morning A.E. freed himself and escaped through a window. He ran home where a neighbor called an ambulance which transported A.E. to the hospital.
Dr. Kathleen Stokes treated A.E. in the emergency room. She remembered A.E. because his was the "worst situation [she had] seen." Dr. Stokes examined A.E. and diagnosed avulsion of the scrotum, laceration of the right base of the penis, subconjunctival hemorrhages of the eyes, and multiple lacerations. She found no evidence of rectal injury. A.E. remained in the hospital for one week.
On June 23, 1989, Detective Spearman interviewed A.E. in the hospital. Upon A.E.'s release from the hospital on June 29, he led Spearman to the house where the assault occurred. The inside of the house was precisely as A.E. described it. On the third floor Spearman found a white bucket, a black cable wire, and a piece of glass with bloodstains on it. The blood was later found to be the same type as A.E.'s. In the basement Spearman found A.E.'s pants, his watch, a purple headscarf, and a black cable. Spearman also found a shovel on the premises.
Later, on July 12, 1989, A.E. was shown a photo array and immediately identified defendant's photograph as the man who had sexually assaulted him.
*138 At trial, defendant did not testify. His defense was one of general denial contending that A.E. was mistaken in his identification.

II
We first address the question of whether the preconditions for imposition of a life term with a twenty-five year term of imprisonment without eligibility for parole under N.J.S.A. 2C:13-1c(2) are elements of an aggravated form of kidnapping, which must be found by the jury, or are merely conditions for imposition of an enhanced sentence, which may be found by the court. The trial court denied defendant's request that the jury consider these additional elements. Defendant contends this was error.
N.J.S.A. 2C:13-1c provides in pertinent part:
c. Grading of kidnapping. (1) Except as provided in paragraph (2) of this subsection, kidnapping is a crime of the first degree and upon conviction thereof, a person may, ... be sentenced to an ordinary term of imprisonment between 15 and 30 years. If the actor releases the victim unharmed and in a safe place prior to apprehension, it is a crime of the second degree.
(2) Kidnapping is a crime of the first degree and upon conviction thereof, an actor shall be sentenced to a term of imprisonment by the court, if the victim of the kidnapping is less than 16 years of age and if during the kidnapping:
(a) A crime under N.J.S. 2C:14-2 or subsection a. of N.J.S. 2C:14-3 is committed against the victim;
(b) A crime under subsection b. of N.J.S. 2C:24-4 is committed against the victim; or
(c) The actor sells or delivers the victim to another person for pecuniary gain other than in circumstances which lead to the return of the victim to a parent, guardian or other person responsible for the general supervision of the victim.[1]
Notwithstanding the provisions of paragraph (1) of subsection a. of N.J.S. 2C:43-6, the term of imprisonment imposed under this paragraph shall be either a term of 25 years during which the actor shall not be eligible for parole, or a specific term between 25 years and life imprisonment, of which the actor shall serve 25 years before being eligible for parole; provided, however, that the crime of kidnapping *139 under this paragraph and underlying aggravating crimes listed in subparagraph (a), (b) or (c) of this paragraph shall merge for purposes of sentencing.
Thus, where a defendant releases the victim unharmed and in a safe place, kidnapping is punishable as a second degree crime; but if not, it is a first degree crime with the range of imprisonment between fifteen and thirty years. And, where a defendant commits an enumerated offense against a victim who is under the age of sixteen, the defendant is subject to a life term and must serve a mandatory period of parole ineligibility of twenty-five years.
We start with the principle that "[n]o person may be convicted of an offense unless each element of such offense is proved beyond a reasonable doubt." N.J.S.A. 2C:1-13a; In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368, 375 (1970) (holding that the due process clause of the Fourteenth Amendment requires such proof). Furthermore, "in a criminal prosecution in which the accused has a constitutional right to a trial by jury, each element of the crime must be decided by the jury and none of those elements may be withheld from the jury and decided by the judge as a matter of law." State v. Anderson, 127 N.J. 191, 208-09, 603 A.2d 928 (1992) (holding that portion of a statute requiring the judge to determine the element of materiality in perjury prosecution was unconstitutional); see State v. Ingenito, 87 N.J. 204, 217, 432 A.2d 912 (1981) (holding that collateral estoppel may not be used against a criminal defendant).
However, the State need not prove beyond a reasonable doubt grading provisions which do not constitute elements of the offense. State v. D'Amato, 218 N.J. Super. 595, 606, 528 A.2d 928 (App.Div. 1987), certif. denied, 110 N.J. 170, 540 A.2d 169 (1988); see State v. Stewart, 96 N.J. 596, 605-06, 477 A.2d 300 (1984). The Graves Act, N.J.S.A. 2C:43-6c, requires that the trial court determine by a preponderance of the evidence whether the defendant used or possessed a firearm and, if so, the Graves Act sentencing is required. State v. Stewart, supra, 96 N.J. at 605-06, 477 A.2d 300 (1984).
*140 With this background, we note that prior to the December 1986 effective date of the amendment of N.J.S.A. 2C:13-1, our Supreme Court interpreted N.J.S.A. 2C:13-1c in State v. Federico, 103 N.J. 169, 510 A.2d 1147 (1986). The issue in Federico was whether the jury should have decided the degree of kidnapping and whether the State bears the burden of proving that the victim was not released safe and unharmed. Id. at 171, 510 A.2d 1147. The trial judge had not instructed the jury on the differences between first and second degree kidnapping; that is, kidnapping is a crime of the first degree but if "the actor releases the victim unharmed and in a safe place prior to apprehending, it is a crime of the second degree...." Id. at 172, 510 A.2d 1147. The Court viewed the issue as a matter of statutory construction. In focusing on the unharmed-release provision, the Court stated that "[t]he importance of the provision is made manifest by the difference in the maximum penalties for first- and second-degree kidnapping." Id. at 173, 510 A.2d 1147. After noting that the New Jersey Code of Criminal Justice placed the burden of proving each element of an offense beyond a reasonable doubt on the State, the Court stated that "harming or failing to release the victim constitutes forbidden conduct, N.J.S.A. 2C:1-14h(1)(a), or represents an attendant circumstance, N.J.S.A. 2C:1-14h(2)(a) ...," id. at 174, 510 A.2d 1147, and thus is an element of the offense. The Court concluded that "the Code contemplates that the State must prove beyond a reasonable doubt either that the victim was harmed or not released in a safe place prior to apprehension." Ibid. Further, the Court pointed out that consistent with its interpretation of the Code, the model jury charge placed the burden of proof on the issue of unharmed release on the State. Id. at 175-76, 510 A.2d 1147.
Subsequent to the decision in Federico, the grading section of N.J.S.A. 2C:13-1c was amended to significantly increase the maximum sentence and minimum mandatory parole ineligibility period where the victim is less that sixteen years of age and an enumerated offense is committed during the kidnapping. We are satisfied that Federico controls our conclusion here. Consistent with *141 the Supreme Court's analysis in Federico, supra, 103 N.J. at 174, 510 A.2d 1147, we hold that kidnapping a victim under sixteen and committing one of the enumerated offenses constitutes forbidden conduct or attendant circumstances "included in the description of the forbidden conduct in the definition of the offense." N.J.S.A. 2C:1-14h(1)(a) or (2)(a). These factors are elements of the offense, and the trial judge must charge the jury that it is the burden of the State to prove each of these elements beyond a reasonable doubt.
Moreover, just as in Federico, the Supreme Court's Committee on Model Jury Charges has adopted a model charge consistent with this view. The charge provides that the State bears the burden of proving the elements that the victim was under sixteen and that during the kidnapping an enumerated crime was committed. This interpretation is further supported by the commentary of John M. Cannel which provides that:
[i]n a prosecution for first degree kidnapping, failure to release the victim unharmed and in a safe place is an element of the crime which must be charged and proved beyond a reasonable doubt.... Presumably, the facts placing a crime within paragraph c(2) would be subject to similar requirements. The provision requiring merger of crimes specified in paragraph c(2)(a) and (b) reinforces that impression.
[Cannel, New Jersey Criminal Code Annotated Comment 4 on N.J.S.A. 2C:13-1(c) (1994) (citations omitted).]
The State contends that even if the factors of N.J.S.A. 2C:13-1c(2) are elements, the jury made findings as to each of these factors by finding defendant guilty of first degree kidnapping, second degree attempted aggravated sexual assault, attempted sexual assault, and fourth degree endangering the welfare of a child. While this argument may have some appeal, we are constrained to reject it. "The failure to send an element of a crime to the jury generally should not be considered harmless error." State v. Anderson, supra, 127 N.J. at 209, 603 A.2d 928. In the present case, defendant requested that the jury decide this issue, but the trial judge refused to charge the jury. We are satisfied that the failure to honor defendant's request for a required jury charge was prejudicial error. See State v. Green, 86 N.J. 281, 291, *142 430 A.2d 914 (1981). As expressed by the Supreme Court in Federico, "[o]ur respect for the unique role of the jury in criminal cases precludes us from trying to salvage the convictions by tampering with the jury's deliberations." State v. Federico, supra, 103 N.J. at 177, 510 A.2d 1147.

III
Our conclusion in section II of this opinion that the trial court erred in failing to charge to the jury an element of the offense would ordinarily require reversal and retrial of the kidnapping charge. However, defendant argues that his conviction and sentence under N.J.S.A. 2C:13-1c(2) must be vacated and not retried, because the State failed to prove that he committed an enumerated crime to trigger the enhanced sentencing provisions under that statute. We hold that defendant's convictions for attempted aggravated sexual assault and attempted sexual assault do not provide the requisite foundation to require the enhanced penalties under N.J.S.A. 2C:13-1c(2).
In order for the enhanced penalty section to apply, defendant must have committed an enumerated crime against the victim. N.J.S.A. 2C:13-1c(2)(a). We are called upon to determine whether the Legislature intended this subsection to apply to attempts. We begin by recognizing that we should interpret a statute in a manner that effectuates "the legislative intent in light of the language used and the objects sought to be achieved." State v. Maguire, 84 N.J. 508, 514, 423 A.2d 294 (1980).
The legislative history regarding paragraph c(2) states that "[t]his mandatory term would be applicable to kidnapping in which the victim is less than 16 years old and during the course of the kidnapping, the victim is sexually abused, used in the production of pornographic material or sold for pecuniary gain." Assembly Judiciary Committee Statement, S. 1661 (1986) (emphasis added); accord Senate Judiciary Committee Statement, S. 1661 (1986). From this statement, we are unable to discern any legislative *143 intent to include attempted sexual assault among the acts that trigger the enhanced penalty.
"It is a settled rule of statutory construction that if the language chosen by the Legislature is plain and the result is not contrary to obvious legislative intent, `the sole function of the court is to enforce it according to its terms.'" State v. Maguire, supra, 84 N.J. at 528, 423 A.2d 294 (citation omitted). Furthermore, courts must strictly construe penal statutes. State v. Valentin, 105 N.J. 14, 17, 519 A.2d 322 (1987). "Penal statutes must be sufficiently definite so that ordinary people can understand what conduct is prohibited." Id. at 18, 519 A.2d 322. In addition, "[p]enal laws cannot be extended by implication or intendment. Where more than one reasonable interpretation may be made, or where the language is ambiguous  and the ambiguity is not manufactured by the defendant  the construction must be drawn against the state." Ibid.
The Legislature could have included attempts within paragraph c(2) if it so desired. In fact, the Legislature has expressly referred to attempts in other statutes. For example, N.J.S.A. 2C:47-1 provides that "[w]henever a person is convicted of the offense of aggravated sexual assault, sexual assault, or aggravated criminal sexual contact, kidnapping pursuant to paragraph (2) of subsection c. of N.J.S. 2C:13-1, or an attempt to commit any such crime, the judge shall order that such person be referred to the Adult Diagnostic and Treatment Center...." (emphasis added). Likewise, N.J.S.A. 2C:43-6c provides for a minimum mandatory sentence for anyone who commits or attempts to commit any of the enumerated offenses while possessing a firearm.
Applying these rules of construction here, in our view the appropriate construction of N.J.S.A. 2C:13-1c(2) is that attempts are not to be included in the statute. Although the State presented substantial evidence that defendant committed an aggravated sexual assault and a sexual assault against A.E., the jury convicted defendant only of attempted aggravated sexual assault and attempted sexual assault. N.J.S.A. 2C:5-1 is the section of the *144 Code which criminalizes attempts and this section is not one of the predicate offenses set forth in N.J.S.A. 2C:13-1c(2)(a) and (b). Therefore, defendant's attempt convictions may not serve as a basis to apply the enhanced sentencing provisions to defendant.
Likewise, defendant's conviction of child endangerment under N.J.S.A. 2C:24-4a, does not change the result. N.J.S.A. 2C:13-1c(2)(b) expressly provides for a "crime under subsection b. of N.J.S. 2C:24-4" and does not include subsection a. Therefore, defendant was not convicted of any of the predicate crimes set forth in the statute.
In summary, we hold that the State must prove that defendant committed an enumerated crime to trigger enhanced sentencing under N.J.S.A. 2C:13-1c(2) and the finding of guilt of attempt to commit an enumerated crime under N.J.S.A. 2C:5-1 does not satisfy this requirement. However, our conclusion that the jury did not convict defendant of any of the predicate offenses under subsection c(2)(a) or c(2)(b), does not impact the validity of defendant's conviction for first degree kidnapping under N.J.S.A. 2C:13-1b. Moreover, we unmerge the convictions merged pursuant to N.J.S.A. 2C:13-1c(2). We recently held that "if an appellate court reverses a defendant's conviction for an offense into which the trial court has merged a lesser offense, the State may elect not to retry defendant for the greater offense and instead request the trial court to `unmerge' the lesser offense and sentence defendant thereon." State v. Pennington, 273 N.J. Super. 289, 295, 641 A.2d 1085 (App.Div.) (citations omitted), certif. denied, 137 N.J. 313, 645 A.2d 141 (1994). That same principle is equally applicable here where we reverse the sentence on the greater offense but retrial is precluded because a jury has already acquitted defendant of the only offenses which provide the foundation for an enhanced sentence under N.J.S.A. 2C:13-1c(2).
Accordingly, the prior merger of defendant's convictions pursuant to N.J.S.A. 2C:13-1c(2) are set aside. We remand for resentencing.

*145 IV
Defendant next challenges his convictions for first degree kidnapping and second degree attempted sexual assault because the trial court instructed the jury it could convict defendant on alternate factual and legal theories of liability that were not charged in the indictment. Specifically, defendant contends that the trial court should not have charged the jury that it could find defendant guilty of first degree kidnapping if he removed and confined the victim with the intent to inflict bodily injury or to terrorize the victim because the indictment did not include these elements.
Likewise, defendant claims the trial court improperly included in the charge that the jury could find defendant guilty of second degree sexual assault if he used physical force or coercion since these theories of liability were not included in the indictment. However, defendant concedes that the proofs at trial were sufficient to support a finding of his guilt under the definitions of kidnapping and sexual assault submitted to the jury.
The Sixth Amendment of the United States Constitution and Article I, paragraph 10 of the New Jersey Constitution guarantee a criminal defendant a fundamental right to be informed of the nature and cause of the accusation against him. State v. Grothmann, 13 N.J. 90, 97, 98 A.2d 291 (1953). Indictments serve at least three purposes. State v. LeFurge, 101 N.J. 404, 415, 502 A.2d 35 (1986). First, the indictment must advise the defendant of the crime with which he or she is charged to enable the defendant to prepare a satisfactory defense. Ibid. "Second, the indictment must be sufficiently specific to enable the defendant to avoid a subsequent prosecution for the same offense." Ibid. Third, the indictment must be adequately precise to prevent the jury from replacing a new offense for the crime charged in the indictment. Ibid.
In LeFurge, our Supreme Court upheld the constitutionality of N.J.S.A. 2C:1-8(d)(2) which allows for conviction of conspiracy to *146 commit the substantive offense contained in the indictment, even though the grand jury did not include a conspiracy count in the indictment, so long as "the trial court may reasonably infer that the elements of the crime of conspiracy were fairly implicated in the evidence that was considered by the grand jury in its deliberations." State v. LeFurge, supra, 101 N.J. at 423-24, 502 A.2d 35.
The case of State v. Wein, 80 N.J. 491, 404 A.2d 302 (1979), is also instructive. In Wein, the issue was whether the count of the indictment charging defendants with obscenity was defective for "its failure to recite as an essential element of the offense scienter or knowledge of the nature of the materials." Id. at 495, 404 A.2d 302. However, another count alleged that defendants "corruptly and unlawfully [did] conspire among themselves willfully with intent to agree and achieve the objects of the conspiracy...." Ibid. The indictment set forth three overt acts allegedly committed in furtherance of the conspiracy. Id. at 496, 404 A.2d 302. One of the alleged overt acts was identical to the allegation contained in the count that alleged defendants committed the substantive obscenity offense. Ibid. The Court held, regarding the conspiracy count, "that the indictment adequately set forth the element of scienter in asserting a willful intent among the conspirators to sell the obscene films." Id. at 498, 404 A.2d 302. Further, the Court held that the substantive count was adequate, id. at 501, 404 A.2d 302, and stated that "[i]f the several counts of the indictment were read together with an appreciation of their common relationship in the same criminal subject matter, there could be no misunderstanding as to the sufficiency of each of the counts to communicate knowledge as an essential element of the crimes charged," id. at 499, 404 A.2d 302.
In State v. Talley, 94 N.J. 385, 466 A.2d 78 (1983), defendant was indicted for robbery and based on the evidence the court charged theft by deception, id. at 389, 466 A.2d 78. This latter offense is not a lesser included offense of robbery but the Court held that the Constitution is not offended and the defendant suffers no prejudice where the conviction is for an offense embraced *147 by the robbery indictment when considered with the "consolidation of theft offenses" provision of N.J.S.A. 2C:20-2(a), id. at 393, 466 A.2d 78. See also State v. Dixon, 125 N.J. 223, 256-58, 593 A.2d 266 (1991) (no error where defendant indicted for aggravated sexual contact based on the commission of a robbery and the court charged the jury with aggravated criminal sexual contact based on either robbery or the fact that defendant was armed); State v. Lopez, 276 N.J. Super. 296, 304-05, 647 A.2d 1351 (App.Div. 1994) (defendant was indicted for armed robbery with a deadly weapon, a machine gun, and we affirmed his conviction of robbery with a knife).
Applying these principles to the present case leads to the conclusion that the charges given by the trial judge on kidnapping and sexual assault did not deprive defendant of a fair trial. The indictment as a whole charged defendant with attempted murder, kidnapping, robbery, aggravated assault, aggravated sexual assault, sexual assault, endangering the welfare of a child and weapons offenses. The theory of the State's case was that defendant committed the kidnapping, used physical force resulting in serious bodily injury, and sexually penetrated A.E. The second count of the indictment charged defendant with removing and confining A.E. "for the purpose of facilitating the commission of [a]ggravated [s]exual [a]ssault but the defendant did not release the victim unharmed and/or in a safe place prior to apprehension."
The trial judge instructed the jury that kidnapping occurs when an individual removes and confines the victim for a substantial period of time "with any of the following purposes: (1) [t]o facilitate the commission of any crime or flight thereafter; or, (2) [t]o inflict bodily injury or to terrorize the victim or another." (emphasis added). The latter elements were not included in the indictment. Nevertheless, we are satisfied that defendant was not surprised and no prejudice has been shown. Clearly, the counts alleging defendant committed aggravated assault and attempted to murder A.E. gave defendant adequate notice of the additional element of bodily injury or terrorizing the victim or another. The *148 trial judge did not impermissibly increase the scope of defendant's liability.
Similarly, we reach the same result regarding the trial court's instructions on the charge that defendant committed second degree sexual assault by engaging in "anal penetration while the victim is at least 13 but less than 16 and the defendant is at least 4 years older than the victim." The trial court charged the jury on second degree sexual assault as follows:
A person is guilty of sexual assault if he commits an act of sexual penetration with the victim, and the person uses physical force or coercion, or the victim is at least 13 years old but less than 16 years old, and the defendant is at least four years older than the victim.
[(emphasis added).]
Again, although physical force and coercion were not charged in the indictment, the aggravated assault and attempted murder counts put defendant on notice that the State may try to prove he employed physical force or coercion against A.E. during the commission of the sexual assault.
Defendant failed to establish surprise or prejudice. Moreover, a number of the counts and lesser included offenses charged to the jury, i.e. third degree criminal restraint, robbery, second degree aggravated assault, third degree aggravated assault, fourth degree aggravated assault, and simple assault, were concerned with serious bodily injury, bodily injury and/or force. Defendant was aware of the need to defend against a charge that he inflicted bodily injury and employed force in regard to the entire indictment.
Under the circumstances here, there is no danger of further prosecution for the same offense. The four corners of the indictment, when read together, clearly put defendant on notice of the elements charged by the trial court. As Justice Clifford so aptly stated in Talley, supra, 94 N.J. at 391, 466 A.2d 78, "we are not left with any sense of injustice under the circumstances revealed by this record. Defendant was in no way shortchanged."

*149 V
We conclude that defendant's remaining contentions are without merit and do not warrant further discussion. R. 2:11-3(e)(2).
The convictions are affirmed. The merger of defendant's convictions for attempted aggravated sexual assault, attempted sexual assault and endangering the welfare of a child into the kidnapping conviction for purposes of sentencing is vacated. We remand for resentencing.
NOTES
[1] The State does not contend that defendant committed conduct that would fall under subsection (c). Accordingly, our discussion only involves the enumerated offenses in subsection (a) and (b). However, the same analysis would apply to subsection (c).