**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0659-18T4

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

CHRISTOPH BARNES, a/k/a
CHRISTOPHER JOSEPH BARNES,
and RADELL JACKSON,

      Defendant-Appellant.

_____

Submitted January 29, 2020 – Decided March 20, 2020

Before Judges Whipple and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 16-09-1178.

Joseph E. Krakora, Public Defender, attorney for appellant (Zachary Gilbert Markarian, Assistant Deputy Public Defender, of counsel and on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Erin M. Campbell, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant appeals from his July 24, 2018 judgment of conviction after a jury trial. We reverse.

Based on our review of the record we discern that on June 8, 2016, Officer Gregory Wojtowicz of the Jersey City Police Department was in the backseat of an unmarked police vehicle parked on Bostwick Avenue. He observed a Honda Civic parked on Bostwick Avenue and, minutes later, a Honda Accord parked in that same area. Wojtowicz watched the driver of the Civic, later identified as defendant, exit the car and proceed toward the driver of the Accord, later identified as co-defendant, Jamar McGeachy. McGeachy walked towards defendant and handed him a black bag. Both individuals then returned to their cars and drove away at a high rate of speed.

Wojtowicz radioed nearby officers to stop both cars. Officer Ivan Rosario, saw the Civic, activated his lights, and drove "at an angle" toward the front of the Civic, which was stopped at a traffic light. Defendant then crashed the Civic into the car behind it, an unmarked police SUV.

A female passenger ran from the Civic but was quickly detained by police. The officers then looked inside the car, saw defendant in the driver's seat, and observed a black plastic bag which contained what the officers suspected to be a controlled dangerous substance (CDS). The contents of the bag later tested

A-0659-18T4

positive for heroin. Both defendant and the female passenger were arrested and searched. The officers also stopped the Accord and placed both of its occupants under arrest after learning that CDS was found in the Civic. No drugs were found in the Accord.

Defendant was indicted for third-degree possession of heroin, N.J.S.A. 2C:35-10(a)(1); second-degree possession of heroin, with the intent to distribute, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(2); third-degree possession of heroin, with the intent to distribute within 1000 feet of a school zone, N.J.S.A. 2C:35-7(a); second-degree possession of heroin, with the intent to distribute within 500 feet of certain public property, N.J.S.A. 2C:35-7.1(a); second-degree distribution of heroin, N.J.S.A. 2C:35-5(a)(1)/2C:35-5(b)(2); and fourth-degree attempting to hinder apprehension by flight, N.J.S.A. 2C:29-2(a)(2).

At trial, defendant testified that he retrieved the heroin found in the Civic from a "stash" he kept inside a doghouse in a backyard. Defendant denied receiving the heroin from McGeachy and testified that he and McGeachy, his childhood friend, only saw each other in passing as they briefly exchanged greetings. The State dismissed the distribution charge, as to defendant but prosecuted it against McGeachy.

A-0659-18T4

The judge charged the jury correctly regarding the N.J.S.A. 2C:35-10(a)(1) possession charge and the second-degree possession with the intent to distribute under N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(2). However, when instructing the jury for third-degree possession of heroin with the intent to distribute within 1000 feet of a school zone, N.J.S.A. 2C:35-7(a), the judge erroneously used, at least in part, the distribution charge, under N.J.S.A. 2C:35-5.

The jury acquitted defendant of the hindering charge but returned a guilty verdict on the possession and possession with intent to distribute charges: third-degree possession, N.J.S.A. 2C:35-10(a)(1); second-degree possession with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and 5(b)(2); third-degree possession with intent to distribute within 1000 feet of a school zone, N.J.S.A. 2C:35-7(a); and second-degree possession with intent to distribute within 500 feet of public property. The jury acquitted McGeachy on all counts.

The judge sentenced defendant to eight years with four years parole ineligibility to run concurrent with a pending federal parole violation. This appeal followed.

Defendant raises the following issues on appeal:

> POINT I: MR. BARNES'S CONVICTIONS MUST BE
> REVERSED BECAUSE THE TRIAL COURT

4

INCORRECTLY CHARGED THE JURY ON DISTRIBUTION RATHER THAN POSSESSSION WITH INTENT TO DISTRIBUTE FOR THE SCHOOL ZONE CHARGE AND FAILED TO DEFINE INTENT TO DISTRIBUTE FOR THREE COUNTS FOR WHICH IT WAS AN ELEMENT. (NOT RAISED BELOW).

POINT II: THE TRIAL COURT ERRED IN SENTENCING MR. BARNES ABOVE THE LEGAL RANGE ON HIS THIRD-DEGREE CONVICTIONS AND IN PENALIZING MR. BARNES FOR EXERCISING HIS RIGHT TO TESTIFY. (NOT RAISED BELOW).

The State concedes the trial court erroneously instructed the jury that the fourth count of the indictment charged defendant with distribution of a CDS near school property, when in fact, the fourth count charged possession with intent to distribute in a school zone, N.J.S.A. 2C:35-7(a). Nevertheless, the State contends the jury was properly instructed as the fourth count was "bookended by two correct charges" which informed the jury that defendant was charged with possession with the intent to distribute.

"Proper jury instructions are essential to ensuring a fair trial." State v. Robinson, 165 N.J. 32, 40 (2000) (citing State v. Green, 86 N.J. 281, 287 (1981)). However, when a defendant fails to object to an error regarding a jury charge, we review for plain error. State v. Funderburg, 225 N.J. 66, 79 (2016). "Under that standard, we disregard any alleged error 'unless it is of such a nature

5

as to have been clearly capable of producing an unjust result.'"  Ibid. (quoting R. 2:10-2).

The trial court has an "'independent duty . . . to ensure that the jurors receive accurate instructions on the law as it pertains to the facts and issues of each case, irrespective of the particular language suggested by either party.'" State v. Baum, 224 N.J. 147, 159 (2016) (quoting State v. Reddish, 181 N.J. 553, 613 (2004)).  "[W]e recognize that the failure to charge the jury on an element of an offense is presumed to be prejudicial error, even in the absence of a request by defense counsel."  State v. Federico, 103 N.J. 169, 176 (1986) (citations omitted).  The unique role of the jury in criminal cases precludes courts from "speculat[ing] about how the jury would have determined the matter if it had been properly charged."  Id at 177 (first citing State v. Crisantos, 102 N.J. 265 (1986); and then citing State v. Grunow, 102 N.J. 133, 148-49 (1986)).

In appropriate situations, the failure to define terms for the jury may be deemed harmless, State v. Wallace, 158 N.J. 552, 558-60 (1999); however, because jury instructions are so essential to a fair trial, an "error in a jury instruction that is 'crucial to the jury's deliberations on the guilt of a criminal defendant' is a 'poor candidate[] for rehabilitation' under the plain error theory." State v. Burns, 192 N.J. 312, 341 (2007) (quoting. State v. Jordan, 147 N.J.

6

409,422 (1997)). "Nevertheless, any alleged error also must be evaluated in light 'of the overall strength of the State's case.'" Ibid. (quoting State v. Chapland, 187 N.J. 275, 289 (2006)). Moreover, we must also consider the error "in light of 'the totality of the entire charge, not in isolation.'" Ibid. (citation omitted).

In Frederico, the Supreme Court held a trial court's failure to charge a jury on an element of an offense is presumed to be prejudicial error. 103 N.J. at 176. There, the jury convicted the defendant of kidnapping and the judge imposed a sentence for first-degree kidnapping, however, the judge never supplied the jury with the charge to determine whether the victim was released unharmed, a factor which distinguishes first- from second-degree kidnapping. Id. at 172-76. Although the jury did not deliberate on this factor, the State urged the Court to mold the verdict to constitute a conviction for second-degree kidnapping based on the premise that the jury implicitly found confinement for a substantial period with purpose to terrorize, the essential elements of second-degree kidnapping. Id. at 176-77. The Court refused and explained:

> The suggestion, however, would force us to speculate about how the jury would have determined the matter if it had been properly charged. . . . Our respect for the unique role of the jury in criminal cases precludes us from trying to salvage the conviction by tampering with the jury's deliberations. The only alternative is to

7

reverse the kidnapping conviction and remand the matter for a new trial. That conclusion also pertains to the convictions that are unrelated to the kidnapping count, which was the most serious charge against [the defendant].

[Id. at 177.]

Here, we also cannot speculate on how the jury would have determined the matter had it been appropriately charged. We reject the State's suggestion that the error of the trial court, reading the distribution instruction, is cured by the fact that the erroneous instruction was "bookended" by charges which informed the jury that defendant was charged with possession with the intent to distribute. Adopting this suggestion would require this court to tamper with the jury's deliberations and ignore the fact that most laypersons are uneducated in law and therefore require a plain and clear exposition of the issues. See Green, 86 N.J. at 288 (noting that most laypersons are uneducated in the law, do not understand lawyer's jargon, and therefore the jury's guidance and instruction requires plain and clear exposition of the issues).

This error is further compounded by the fact that the trial judge failed to adequately provide a definition of the element of "intent to distribute" on any of the counts charging defendant with such an intent.

A-0659-18T4

On count four, possession of a CDS with the intent to distribute within 1000 feet of a school zone, the trial court gave the following instruction:

> Count [four] charges . . . [defendant] with distributing a controlled dangerous substance near school property used for school purposes. The statute upon [which] this charge is based reads as follows:
>
> "Any person who violates subsection of New Jersey Statute 2C:35-5 by distributing a controlled dangerous substance within 1,000 feet of any school property or school bus is guilty of a crime."
>
> In order for you to find the defendant guilty of this charge, the State must prove beyond a reasonable doubt that the defendant knowingly or purposefully distributed a [CDS]. As previously instructed, the elements are that S-13 in evidence is heroin, that the defendant distributed S-13 on the date alleged in the indictment. . . . That the defendant acted knowingly or purposefully in distributing S-13.
>
> In addition to proving possession with intent to distribute, the State must also prove beyond a reasonable doubt that this act occurred within 1,000 feet of any school property.
>
> . . . .
>
> If you find the state has proven all of these elements beyond a reasonable doubt, then you must return a verdict of guilty. On the other hand, if you find the State has failed to prove any of these elements beyond a reasonable doubt, you must find the defendant not guilty.

9

While instructing the jury with regard to the charges of possession of a CDS with the intent to distribute, the judge stated:

> Count [three] of the indictment charges . . . [defendant] as follows: the pertinent part of the statute on which this indictment is based reads, except as authorized by the statute, it shall be unlawful for any purpose - - person, rather - - knowingly or purposely, to possess or have under his control with intent to distribute a controlled dangerous substance. . . . Heroin is a dangerous substance prohibited by the statute.
>
> [T]he elements which the State must prove beyond a reasonable doubt to establish guilt of the defendants on this count of the indictment. They are as follows: S-13 in evidence is heroin. The defendant[] possessed or had under their control S-13 in evidence. The defendant[], when [he] possessed or had under their control S-13 in evidence, had the intent to distribute S-13, and that the defendants acted knowingly or purposely in possessing or having under their control with the intent to distribute S-13 in evidence.

Instructing the jury on second-degree possession of a CDS with intent to distribute within 500 feet of certain public property, the judge stated:

> In order for you to find the defendants guilty on this count of the indictment, the State must first prove beyond a reasonable doubt that the defendants knowingly or purposely possessed with intent to distribute a controlled dangerous substance. The elements of possession with intent to distribute of [sic] a controlled dangerous substance are:
>
> (1) That S-13 in evidence is heroin;

10

(2) That defendants possessed or had S-13 under their control;
(3) That defendants had the purpose to distribute S-13 when the possessed it or had it in their control . . . .;
(4) That when the defendants possessed S-13 with the purpose to distribute it, they were within 500 feet of a public housing facility, park, or building.

The error in these instructions resides within the important distinction between distribution and possession with the intent to distribute. The Controlled Dangerous Substances Act, N.J.S.A. 2C:35-2, defines "distribute" to mean "to deliver other than by administering or dispensing." The Act further defines "deliver" as "the actual, constructive, or attempted transfer from one person to another . . . ." N.J.S.A. 2C:35-2. Criminal possession has also been defined as the exercise of dominion and control over a thing. See State v. Brown, 80 N.J. 587, 596 (1979) (noting that criminal possession signifies control and dominion over an item).

Possession with intent to distribute CDS, however, requires proof of an additional element, that defendant possessed or had the CDS under his control and acted knowingly and purposefully in possessing or having CDS under his control with intent to distribute. Therefore, failure to adequately define "intent to distribute" could have the effect of depriving the jury of the guidance needed during their deliberations. We do recognize the words "intent" and "distribute"

11

are readily known to lay persons and the trial court's omission may not have been fatal to the jury's deliberation. Indeed, defendant was found in possession of twenty seven and one half grams of heroin and testified that his plan was to sell the drugs at a loss so that he could pay for an apartment. However, because the jury was also mischarged as to the crime of distribution, we cannot conclude under the totality of the circumstances the charge had no capacity produce an unjust result. Thus, we reverse and remand for a new trial.

Although we are not required to reach defendant's argument that his sentence was illegal, we note the State concedes the trial court sentenced defendant above the legal range for the possession count. "[A]n illegal sentence is one that 'exceeds the maximum penalty provided in the Code for a particular offence' or a sentence 'not imposed in accordance with the law.'" State v. Acevedo, 205 N.J. 40, 45 (2011) (quoting State v. Murray, 162 N.J. 240, 247 (2000)).

Here, the trial court sentenced defendant to eight years, with four years parole ineligibility. The trial court did not sentence defendant for each individual count. The result was imposition of an eight year sentence on two third degree counts, counts two and four, which is outside the permissible range pursuant to N.J.S.A. 2C:43-6(a)(3).

Reversed.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION