**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0617-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANDRE L. WHEELER, a/k/a
ANDRE WHEELER, and
SLICK, SLICK SLICK,
SLICK L. WHEELER,

    Defendant-Appellant.

_____

Argued February 12, 2024 – Decided February 22, 2024

Before Judges Mawla and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment Nos. 19-01-0012, 21-01-0015, and 21-04-0341.

Kevin Scott Finckenauer, Assistant Deputy Public Defender, argued the cause for appellant (Jennifer Nicole Sellitti, Public Defender, attorney; Kevin Scott Finckenauer, of counsel and on the briefs).

Boris Moczula, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Attorney

General, attorney; Boris Moczula, of counsel and on the brief).

PER CURIAM

Defendant Andre L. Wheeler appeals from his conviction, following a jury trial, of second-degree robbery, N.J.S.A. 2C:15-1(a)(1), arguing the jury charge failed to comply with our Supreme Court's decision in State v. Lopez, 187 N.J. 91 (2006). Based on our review of the record and applicable legal principles, we affirm.

We summarize the facts developed in the record. Defendant was indicted by a Hudson County grand jury for second-degree robbery, N.J.S.A. 2C:15-(a)(1), among other charges, arising out of an incident that occurred on October 15, 2018, in Hoboken. In September 2021, defendant was tried before a jury. The female victim of the alleged robbery, who was twenty-five years old at the time of the incident, testified that she returned to her apartment building late in the evening and saw a man she did not recognize, later identified as defendant, ripping open packages that had been delivered to the building. The victim walked past defendant and entered the elevator. Defendant followed her into the elevator. He stood no more than one foot from the victim, eyeing her up and down.

A-0617-22

As the elevator doors closed, the victim asked defendant what he wanted and he responded, "you," which made her "really scared." When the elevator reached the floor of her apartment, she exited, and defendant followed her. The victim attempted to call 9-1-1 using her cell phone. Defendant grabbed her phone from her, grabbed her purse and other belongings, and then "grabbed [her]." After he had all of her belongings, defendant "had [her] up against the wall face[-]to[-]face and just had a hold on [her] and would[ not] let [her] go." Defendant squeezed her arm hard causing her pain. The victim screamed for help. He continued to hold her in place and squeeze her arm for what the victim believed was several minutes.

The victim's roommates heard her screaming and opened the apartment door. Defendant released the victim when the door opened. Defendant took the victim's cell phone, purse, and wallet I.D. holder containing her license, credit cards, and cash. Based on a description provided by the victim, police located defendant a few blocks from the building still in possession of most of the items taken from the victim. Defendant was arrested and later identified by the victim. She sought medical attention for an injury to her finger.

The court charged the jury using the Model Criminal Jury Charge (Criminal), "Robbery (N.J.S.A. 2C:15-1)" as follows:

[T]he defendant is charged with the crime of robbery which reads in pertinent part as follows[:] On . . . the [fifteenth] day of October 2018, . . . defendant . . . , in the course of committing a theft, did knowingly inflict bodily injury upon or use[] force upon [the victim].

Part of the statute on which this indictment is based reads as follows: A person is guilty of robbery if[,] in the course of committing a theft[,] he knowingly inflicts bodily injury or uses force upon another. In order for you to find the defendant guilty of robbery, the State is required to prove each of the following elements beyond a reasonable doubt:

1. That the defendant was in the course of committing a theft[,]

2. That while in the course of committing that theft the defendant knowingly inflicted bodily injury or used force upon another.

As I have said, the State must prove[,] beyond a reasonable doubt[,] that the defendant was in the course of committing a theft. In this connection, you are advised that an act is considered to be in the course of committing a theft if it occurs in an attempt to commit the theft[,] during the commission of the theft itself[,] or in immediate flight after the attempt or commission.

. . . .

In addition to proving beyond a reasonable doubt that the defendant was in the course of committing a theft, the State must also prove[,] beyond a reasonable doubt[,] that while in the course of committing that theft, the defendant knowingly inflicted bodily injury or used force upon another.

A-0617-22

. . . .

Force means an amount of physical power or strength used against the victim and not simply against the victim's property. The force need not entail pain or bodily harm and need not leave any mark. Nevertheless, the force must be greater than that necessary to merely snatch the object from the victim's grasp or the victim's person, and the force must be directed against the victim, not merely the victim's property.

To find the defendant guilty of robbery[,] . . . the intent to commit a theft must proceed or be coterminous with the use of force. In other words, the defendant must have formed the intent to commit a theft before or during his use of force. If you find the defendant formed the intent to commit a theft after his use of force, then he cannot be found guilty of robbery.

Defendant was convicted of second-degree robbery and sentenced to a custodial term of eight years subject to the No Early Release Act and three years of parole supervision.[1] This appeal followed.

Defendant raises the following issue on appeal:

THE TRIAL COURT REVERSIBLY ERRED IN FAILING TO INSTRUCT THE JURY THAT ANY USE OF FORCE COMMITTED DURING A ROBBERY MUST HAVE ACTUALLY BEEN IN FURTHERANCE OF THE ROBBERY IN ORDER

---

[1] Defendant was also sentenced on convictions for other charges relating to this incident as well as two unrelated indictments. Defendant did not appeal those convictions and sentences.

A-0617-22

FOR IT TO CONSTITUTE AN ELEMENT OF THE OFFENSE.

"Proper jury instructions are essential to ensuring a fair trial." State v. Robinson, 165 N.J. 32, 40 (2000) (citing State v. Green, 86 N.J. 281, 287 (1981)). However, when a defendant fails to object to an error regarding a jury charge, we review for plain error. State v. Funderburg, 225 N.J. 66, 79 (2016). "Under that standard, we disregard any alleged error 'unless it is of such a nature as to have been clearly capable of producing an unjust result.'" Ibid. (quoting R. 2:10-2).

"[A] jury charge is presumed to be proper when it tracks the model jury charge because the process to adopt model jury charges is 'comprehensive and thorough.'" State v. Cotto, 471 N.J. Super. 489, 543 (App. Div. 2022) (quoting State v. R.B., 183 N.J. 308, 325 (2005)). However, the trial court has an "'independent duty . . . to ensure that the jurors receive accurate instructions on the law as it pertains to the facts and issues of each case, irrespective of the particular language suggested by either party.'" State v. Baum, 224 N.J. 147, 159 (2016) (quoting State v. Reddish, 181 N.J. 553, 613 (2004)). "[T]he failure to charge the jury on an element of an offense is presumed to be prejudicial error, even in the absence of a request by defense counsel." State v. Federico, 103 N.J. 169, 176 (1986) (citations omitted).

A-0617-22

Defendant's argument that the jury charge used in this case was inconsistent with the Supreme Court's decision in <u>Lopez</u> is not persuasive. In <u>Lopez</u>, the Court rejected the concept of "afterthought robbery" in which "a violent fracas occurs for reasons other than theft, and the perpetrator later happens to take property from the victim." 187 N.J. at 101. The court held "our [robbery] statute requires that the threats or violence be carried out in furtherance of the intention to commit a theft. Indeed, the sequence of events is critical; the intention to steal must precede or be coterminous with the use of force." <u>Ibid.</u>

Defendant argues, incorrectly, that <u>Lopez</u> held "the use of force must have been in furtherance of the taking." In fact, the Court held the force must be "carried out <u>in furtherance of the intention</u> to commit a theft." <u>Ibid.</u> (emphasis added). In other words, as the Court specifically held, the intention to steal must precede the use of force. In fact, the Court also held that "a person who has stolen goods and thereafter uses violence in flight is guilty of robbery" because "the intention to commit the theft generated the violence." <u>Ibid.</u>

The jury charge in this case clearly instructed the jury, in accordance with <u>Lopez</u>, that "the intent to commit a theft must precede or be coterminous with the use of force" and "defendant must have formed the intent to commit a theft

A-0617-22

before or during his use of force." The charge instructed that the State was required to prove beyond a reasonable doubt that defendant "was in the course of committing a theft" and "while in the course of committing that theft[,] defendant knowingly inflicted bodily injury or used force upon another." The charge defined "in the course of committing a theft" to mean "in an attempt to commit the theft[,] during the commission of the theft itself[,] or in immediate flight after the attempt or commission."

We are satisfied the jury charge in this case clearly set forth the elements of the offense of second-degree robbery, N.J.S.A. 2C:15-1(a)(1), and was consistent with Supreme Court's decision in Lopez. We can discern no basis to find error, much less plain error.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0617-22